FILED

2013 JUL 31  AM 9: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TIMOTHY COOPER, SR.** and
**LYNN COOPER**, individually,
and as husband and wife

|  | Plaintiffss, | CIVIL ACTION NO: |
|---|---|---|

vs.

3.13-CV-920-J-34 JBT

**UNITED STATES OF AMERICA,**

_____ Defendant. _____ /

## COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs, **TIMOTHY COOPER, SR. AND LYNN COOPER**, by and through their

undersigned attorneys, Morgan & Morgan, P.A., now come before this Court and sue the

Defendant, **THE UNITED STATES OF AMERICA**, and allege:

### I.

### Jurisdiction, Venue, and Conditions Precedent

1.   Plaintiffs are husband and wife and reside at 5170 Cypress Crest Lane, Jacksonville, FL,

32226 and are thus residents of the Middle District of Florida, Jacksonville Division.

2.   The claims herein are brought against the United States pursuant to the Federal Tort Claims

Act (28 U.S.C. §2671-2680) and 28 U.S.C. §§1346(b)(1), for money damages as

compensation for personal injuries and/or loss of consortium that were caused by the

negligent and wrongful acts and omissions of employees of the United States Government

while acting within the scope of their offices and employment, under circumstances where

the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Florida and/or Alabama.

3. Venue is proper in that the Plaintiffs are residents in the Middle District of Florida, Jacksonville Division.

4. All conditions precedent to the bringing of this action have been performed or have been waived. (See attached notice of tort claim Exhibit A)

5. This suit has been timely filed, in that Plaintiffs timely served notice of claim on the United States Department of Agriculture on July 13, 2012. The United States Department of Agriculture denied liability on April 9, 2013.

## II.

### Events Forming the Basis of the Claims

6. Plaintiffs incorporate by reference herein all allegations set forth above.

7. On or about August 2, 2010, Plaintiff, **TIMOTHY COOPER, SR.**, was driving in his vehicle traveling on Alabama Highway 52 in rural Geneva, Alabama when his vehicle was struck by a United States Department of Agriculture vehicle owned by Defendant **THE UNITED STATES OF AMERICA**, and operated by Kenneth Ryan Lossing, an employee of the United States Department of Agriculture who was acting within the course and scope of his employment at the time of the subject accident.

8. At that time and place, Kenneth Ryan Lossing, the United States Department of Agriculture driver acting within the course and scope of his employment, was operating the vehicle negligently. Defendant, **THE UNITED STATES OF AMERICA**, was vicariously liable for the negligence of the United States Department of Agriculture driver to exercise ordinary care and operate the vehicle reasonably and prudently.

9. At said time and place, Defendant, **THE UNITED STATES OF AMERICA**, breached its duty owed to Plaintiffs by committing one or more of the following omissions or commissions:

    (a) failing to yield to the appropriate traffic control devices, specifically, the stop sign and flashing red light at the intersection;

    (b) failing to maintain a proper lookout of oncoming traffic;

    (c) failing to turn the vehicle in an effort to avoid the collision; and

    (d) driving the vehicle at the rate of speed than an ordinary and prudent person would not have driven under the same or similar circumstances.

### III.

**First Claim—Violation of 28 U.S.C. §2671, _et seq._ as to Plaintiff Timothy Cooper, Sr.**

10. Plaintiff **TIMOTHY COOPER, SR.**, adopts and incorporates by reference herein all allegations set forth above.

11. Plaintiff, **TIMOTHY COOPER, SR.**, has complied with all statutory conditions precedent to this action by timely serving a notice of claim for his bodily injury claim on the United States Department of Agriculture on July 13, 2012.

12. The acts and events set forth above constitute negligence under the laws of the State of Florida and/or the laws of the State of Alabama. Because these acts and events were undertaken and caused by an employee of the Department of Agriculture acting within the course and scope of his employment, Defendant, **THE UNITED STATES OF AMERICA**, is liable for all damages caused by such acts, as provided by 28 U.S.C. § 2671, _et seq._

13. Plaintiff, **TIMOTHY COOPER, SR.**, would be entitled to pursue a claim for negligence

against this Defendant, if a private person, in accordance with the laws of the State of Florida and/or the laws of the State of Alabama.

## IV.

### Second Claim—Violation of 28 U.S.C. §2671, *et seq.* as to Plaintiff Lynn Cooper

14.   Plaintiff, **LYNN COOPER**, as the wife of Plaintiff, **TIMOTHY COOPER, SR.**, adopts and incorporates by reference herein all allegations set forth above.

15.   Plaintiff, **LYNN COOPER**, as the wife of Plaintiff, **TIMOTHY COOPER, SR.**, has complied with all statutory conditions precedent to this action by timely serving a notice of claim for her consortium injury claim on the United States Department of Agriculture on July 13, 2012.

16.   The acts and events set forth above constitute negligence under the laws of the State of Florida and/or the laws of the State of Alabama.  Because these acts and events were undertaken and caused by an employee of the Department of Agriculture acting within the course and scope of his employment, Defendant, **THE UNITED STATES OF AMERICA**, is liable for all damages caused by such acts, as provided by 28 U.S.C. § 2671, *et seq.*

17.   Plaintiff, **LYNN COOPER**, as the wife of Plaintiff, **TIMOTHY COOPER, SR.**, would be entitled to pursue claims under the laws of the State of Florida and/or the laws of the State of Alabama on her own behalf, including, but not necessarily limited to claims for consortium, which are derivative of the claims of Plaintiff, **TIMOTHY COOPER, SR.**

## V.

### Damages

18.   Plaintiffs incorporate by reference herein all allegations set forth above.

19.  As a direct and proximate result of the negligence of Defendant, **THE UNITED STATES OF AMERICA**, Plaintiffs suffered damage to their person.

20.  As a direct and proximate result of the negligence of Defendant, **THE UNITED STATES OF AMERICA**, Plaintiff **TIMOTHY COOPER, SR.** suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and Plaintiff **LYNN COOPER** suffered loss of consortium. The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.

## VI.

### Prayer for Relief

WHEREFORE, the Plaintiffs, **TIMOTHY COOPER, SR. AND LYNN COOPER**, sue the Defendant, **THE UNITED STATES OF AMERICA**, for damages and demand judgment in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and costs, and demands trial of all issues so triable together with for such further and additional relief at law or in equity that this Court may deem appropriate or proper.

**RESPECTFULLY** submitted this ___29th___ day of July, 2013.

MICHAEL D. MARRESE, ESQUIRE
Florida Bar No. 0544299
mmarrese@forthepeople.com
JENNIFER MILLER, ESQUIRE
Alabama Bar No. 6681N74B
JLMiller@forthepeople.com
Morgan & Morgan, P.A.

76 South Laura Street, Suite 1100
Jacksonville, Florida  32202
Telephone / (904) 398-2722
Attorneys for Plaintiffs